RAÚL R. LABRADOR
ATTORNEY GENERAL
STATE OF IDAHO

Michael J. Elia (ISBN 5044)
Nathan C. Beckman (ISBN 11568)
MOORE ELIA KRAFT & STACEY, LLP
Post Office Box 6756
Boise, Idaho 83707
Telephone: (208) 336-6900
Facsimile: (208) 336-7031
mje@melawfirm.net
nathan@melawfirm.net

*Attorneys for Defendant Cody Nieko*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT TEMPLIN<br><br>  Plaintiff,<br><br>vs.<br><br>JOSH TEWALT, in his capacity as the Director of the Idaho Department of Corrections; TIM RICHARDSON, in his official and his individual capacity; RANDY VALLEY, in his official and his individual capacity; RONA SIEGERT, in her official and her individual capacity; MHM SERVICES dba CENTURION HEALTH; CENTURION OF IDAHO, LLC; JAMIE AYUSO, an individual; CONNIE SMOCK, an individual; WILLIAM ROGERS, an individual; ASHLEY RINO, an individual; JOHNNY WU, an individual; CHRISTINA JACKSON, an individual; REX UNDERWOOD, an individual; REBECCA BALLARD, an individual; KYLE WAGNER, an individual; CHANDRA KING, an | Case No. 1:25-cv-00048-BLW<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANT NIECKO'S MOTION TO DISMISS** |

**MEMORANDUM IN SUPPORT OF DEFENDANT NIECKO'S MOTION TO DISMISS - 1**

individual; CHRIS JOHNSON, an individual; TERISSA PETERSON, an individual; WENDY ORM, an individual; CODY NIEKO, an individual; BRIAN CROWL, an individual; CRYSTAL WILCOX, an individual; STACEY SCROBE, an individual,

    Defendants.

COMES NOW, Defendant Cody Niecko, by and through his counsel of record, Moore Elia Kraft & Stacey LLP, and hereby submits this Memorandum in Support of his Motion as follows:

## INTRODUCTION

Plaintiff Robert Templin was, at the time of the events described in his Complaint, an inmate incarcerated at Idaho Maximum Security Institution (IMSI).[1] Plaintiff claims that he broke his thumb while incarcerated and that he did not receive proper medical care and that he was not properly handcuffed. (Dkt. 1, P.2).

This motion only addresses the claims against Defendant Niecko. Following the Court's Initial Review Order, Plaintiff was permitted to proceed on this claim against Defendant Niecko pursuant to 42 U.S.C. § 1983. (Dkt. 10). Plaintiff alleges that Defendant Niecko violated his Eighth Amendment rights by discontinuing a "front cuff memo" over a year after the incident in which Plaintiff broke his thumb. (Dkt. 1, P. 12). Because Plaintiff failed to allege sufficient factual allegations to show that Defendant Niecko acted with deliberate indifference to a serious medical need, the Court should grant Defendant Niecko's Motion to Dismiss.

## LEGAL STANDARD

To survive a motion to dismiss brought pursuant to FRCP 12(b)(6), a complaint must contain sufficient factual matter, that if accepted as true, states "a claim to relief that is plausible on its

---

1 Plaintiff has since been released from prison. *See* Dkt. 15-1, P.5.

**MEMORANDUM IN SUPPORT OF DEFENDANT NIECKO'S MOTION TO DISMISS - 2**

face." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Id*, 550 U.S. at 554. FRCP 8(d)(1) further requires [e]ach allegation to be "simple, concise and direct." "A plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). The pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Iqbal*, 556 U.S. at 677–78. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id*., 550 U.S. at 678. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*.

**ARGUMENT**

1. **Plaintiff failed to allege that Defendant Niecko violated his 8th Amendment Rights.**

    Plaintiff has failed to allege that Defendant Niecko acted with deliberate indifference to Plaintiff's serious medical needs.

    To state a claim under the Eighth Amendment, a prisoner must show that he is "incarcerated under conditions posing a substantial risk of serious harm," or that he has been deprived of "the minimal civilized measure of life's necessities" as a result of Defendants' actions. *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (internal quotation marks omitted). An Eighth Amendment claim requires a plaintiff to satisfy "both an objective standard – that the deprivation was serious enough to constitute cruel and unusual punishment – and a subjective standard – deliberate indifference." *Snow v. McDaniel,*

**MEMORANDUM IN SUPPORT OF DEFENDANT NIECKO'S MOTION TO DISMISS - 3**

681 F.3d 978, 985 (9th Cir.2012) *overruled on other grounds Peralta v. Dillard*, 744 F.3d 1076(9th Cir. 2014).

Regarding the objective standard for prisoners' medical care claims, the Supreme Court has explained that "[b]ecause society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious'." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Id*. (internal quotation marks, citations, and alterations omitted). However, the "routine discomfort that is part of the penalty that criminal offenders pay for their offenses against society" does not constitute a serious medical need. *Id.*

As to the subjective standard, courts look to the defendant's response to the need. Claims of deliberate indifference to medical needs are examined differently depending on whether the defendants in question are medical professionals or lay persons. *McGee v. Adams*, 721 F.3d 474, 481 (7th Cir. 2013). A prison official or prison medical provider acts with "deliberate indifference ... only if the prison official knows of and disregards an excessive risk to inmate health and safety." *Gibson v. Cnty. of Washoe, Nev.,* 290 F.3d 1175, 1187 (9th Cir.2002) (citation and internal quotation marks omitted). "Under this standard, the prison official must not only 'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Toguchi v. Chung,* 391 F.3d 1051, 1057 (9th Cir.2004) (quoting *Farmer,* 511 U.S. at 837). A defendant must purposefully ignore or fail to respond to a prisoner's pain or possible medical need in order for deliberate indifference to be established. *McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir.

**MEMORANDUM IN SUPPORT OF DEFENDANT NIECKO'S MOTION TO DISMISS - 4**

1992), *overruled by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997). "If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk." *Gibson,* 290 F.3d at 1188 (citation omitted). Moreover, even prison officials or medical providers who *did* know of a substantial risk to an inmate's health will not be liable under § 1983 "if they responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer,* 511 U.S. at 844.

A non-medical prison official is generally entitled to rely on the opinions of medical professionals with respect to medical treatment. *Moore v. Valley*, 2023 WL 8653860, at *7 (D. Idaho Dec. 14, 2023) (citing *McGee*, 721 F.3d at 481); *Smith v. Woodford*, 356 F. App'x 9, 10 (9th Cir. 2009); see also *Shapley v. Nev. Bd. of State Prison Comm'rs,* 766 F.2d 404, 408 (9th Cir.1985) (recognizing that prison officials should defer to medical professionals on medical matters).

"Deliberate indifference is a high legal standard." *Toguchi,* 391 F.3d at 1060. "A difference of opinion does not amount to deliberate indifference to [a plaintiff's] serious medical needs." *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir.1989). A "mere delay of [medical care] is insufficient to state a claim of deliberate medical indifference"; "[a prisoner] ha[s] no claim for deliberate medical indifference unless the denial was harmful." *Shapley*, 766 F.2d at 407(citing *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). The indifference must be substantial. The action must rise to a level of "unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 105.

      *i.*     *Defendant Niecko did not act with deliberate indifference.*

For the sake of the Rule 12(b)(6) analysis, Defendant Niecko assumes that Plaintiff's allegations that his thumb was broken is sufficient to satisfy the objective standard at this stage.

**MEMORANDUM IN SUPPORT OF DEFENDANT NIECKO'S MOTION TO DISMISS - 5**

However that is only half of the analysis; Plaintiff must also satisfy the subjective standard for deliberate indifference. To satisfy the subjective standard, Plaintiff must show that Defendant Niecko "kn[ew] of and disregard[ed] an excessive risk to inmate health and safety." *Gibson,* 290 F.3d at 1187. Further, if Defendant Niecko "responded reasonably to the risk," there is no deliberate indifference. *Farmer,* 511 U.S. at 844. "Differences in judgment between inmate and prison medical personnel regarding appropriate medical diagnosis and treatment are not enough to establish a deliberate indifference claim." *Wood v. Idaho Dept. of Corrections*, 391 F. Supp. 2d 852, 857 (D. Idaho 2005) (citing *Sanchez v. Vild,* 891 F.2d 240, 242 (9th Cir.1989)). Plaintiff cannot demonstrate that Defendant Niecko acted with deliberate indifference and cannot satisfy the subjective standard.

The extent of the allegations against Defendant Niecko are that he is an IDOC correctional officer being sued in his individual capacity, that Plaintiff sent a kite or interacted with him at some unspecified point for some unspecified purpose, and that fifteen months after Plaintiff's thumb was broken, Defendant Niecko and Defendant Scrobe (a registered nurse) discontinued his front cuff memo, "for unknown reasons". (Dkt. 1, P.4,6,12).

First, by alleging that he is unaware of why Defendant Niecko discontinued the front cuff memo, Plaintiff admits that he does not have knowledge of Defendant Niecko's subjective state of mind. Plaintiff does not know the reasons why Defendant Niecko discontinued the front cuff memo, nor does he know whether Defendant Niecko was aware that doing so was allegedly exposing Plaintiff to an excessive risk of serious harm or even whether Defendant Niecko was aware that Plaintiff had a serious medical need. Plaintiff's conclusory assertion that "[e]ach Defendant was deliberately indifferent to Bobby's broken thumb and the resulting pain" is improper group pleading and is insufficient to show individual deliberate indifference on the part

**MEMORANDUM IN SUPPORT OF DEFENDANT NIECKO'S MOTION TO DISMISS - 6**

of Defendant Niecko. *Id*. at P.13. Plaintiff's admitted lack of any knowledge as to Defendant Niecko's state of mind means that he cannot satisfy the subjective prong.

Additionally, Defendant Niecko did not act alone in discontinuing the front cuff memo. Defendant Scrobe, a nurse, also was part of the decision to discontinue the front cuff memo. (Dkt. 1, P. 12). Plaintiff alleges that the nurse concurred with Defendant Niecko in discontinuing the front cuff memo. *Id*. This makes it clear that Defendant Niecko was acting in accordance with Plaintiff's medical provider and that Plaintiff's claim against him is really just a difference of opinion with said medical provider. This difference does not rise to the level of deliberate indifference. Courts routinely hold that a non-medical prison official is generally entitled to rely on the opinions of medical professionals with respect to medical treatment. *See Moore*, 2023 WL 8653860, at *7, at 1; *Woodford*, 356 F. App'x 9, 10; *Shapley,* 766 F.2d 404, 408; (See also *Sanchez,* 891 F.2d at 242 (A difference of opinion between an inmate and his medical providers is <u>not</u> deliberate indifference).

Because Plaintiff does not allege that Defendant Niecko observed and disregarded a serious risk to Plaintiff's health and safety. Rather, Plaintiff alleges that he has no knowledge as to Defendant Niecko's subjective state of mind., Additionally, Defendant Niecko merely concurred with Plaintiff's medical provider's opinion. Therefore, Plaintiff cannot show that Defendant Niecko acted with deliberate indifference, and thus cannot satisfy the subjective standard. Accordingly, Plaintiff has not pled a claim against Defendant Niecko under the Eighth Amendment and his claims against Defendant Niecko must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant Niecko requests that the Court grant his Motion.

**MEMORANDUM IN SUPPORT OF DEFENDANT NIECKO'S MOTION TO DISMISS - 7**

DATED this 20th day of June, 2025.

                MOORE ELIA KRAFT & STACEY, LLP

                */s/ Michael J. Elia*
                Michael J. Elia
                Attorneys for Defendants

**MEMORANDUM IN SUPPORT OF DEFENDANT NIECKO'S MOTION TO DISMISS - 8**

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of June 2025, I filed the foregoing electronically through the CM/ECF, and served a true and correct copy to the following non-CM/ECF party, by U.S. Mail, postage prepaid:

| | |
|---|---|
| Jane Gordon<br>JANE GORDON LAW<br>1004 west Fort Street<br>Boise, ID 83702<br>(208)391-4747<br><br>*Attorney for Plaintiff* | ☐ U.S. Mail, postage prepaid<br>☐ Hand Delivered<br>☐ Overnight Mail<br>☐ Facsimile Transmission<br>☒ ECF: Jane@JaneGordonLaw.com |
| Andrew C. Brassey, ISB No. 2128<br>Jason G. Murray, ISB No. 6172<br>Rylee I. Dolven, ISB No. 11544<br>BRASSEY CRAWFORD, PLLC<br>345 Bobwhite Ct., Suite 215<br>Boise, Idaho 83706<br>Telephone: (208) 344-7300<br>Facsimile: (208) 344-7077<br><br>*Attorney for Defendants Ballard, Centurion of Idaho, LLC, Christina Ann Jackson, Christopher Johnson, Chandra King, Wendy Orm, Terissa Peterson, Tim Richardson, Ashley Rino, Wililam Rogers, Stacey Scrobe, Rona Seigert, Connie Smock, Josh Tewalt, Rex Underwood, Randy Valley, Kyle Wagner, Crystal Wilcox, Johnny Wu* | ☐ U.S. Mail, postage prepaid<br>☐ Hand Delivered<br>☐ Overnight Mail<br>☐ Facsimile Transmission<br>☒ ECF: acb@brassey.net<br>      jgm@brassey.net |

*/s/ Sara Yerby*
Sara Yerby

**MEMORANDUM IN SUPPORT OF DEFENDANT NIECKO'S MOTION TO DISMISS - 9**