Jane Gordon, ISB # 9243
Jane Gordon Law
1004 West Fort Street
Boise, ID 83702
Tel: (208) 371-4747; Fax: (208) 807-2290
Jane@JaneGordonLaw.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT TEMPLIN,<br><br>    Plaintiff,<br><br>vs.<br><br>JOSH TEWALT, in his capacity as the Director of the Idaho Department of Corrections; TIM RICHARDSON, in his official and his individual capacity; RANDY VALLEY, in his official and his individual capacity; RONA SIEGERT, in her official and her individual capacity; MHM SERVICES dba CENTURION HEALTH; CENTURION OF IDAHO, LLC; JAMIE AYUSO, an individual; CONNIE SMOCK, an individual; WILLIAM ROGERS, an individual; ASHLEY RINO, an individual; JOHNNY WU, an individual; CHRISTINA JACKSON, an individual; REX UNDERWOOD, an individual; REBECCA BALLARD, an individual; KYLE WAGNER, an individual; CHANDRA KING, an individual; CHRIS JOHNSON, an individual; TERISSA PETERSON, an individual; WENDY ORM, an individual; CODY NIEKO, an individual; BRIAN CROWL, an individual; CRYSTAL WILCOX, an individual; STACEY SCROBE, an individual, Defendants. | CASE NO. Case 1:25-cv-00048-BLW<br><br>JOINT STIPULATED DISCOVERY PLAN |

The parties, having stipulated, hereby submit the following discovery plan.

JOINT STIPULATED DISCOVERY PLAN - 1

I.  **Preservation**

    a. **Preservation & Proportionality:** The parties have applied the proportionality standard in Rule 26(b)(1) to determine what information should be preserved and what information should not be preserved.

    b. **Electronically Stored Information (ESI):** With regard to ESI, the parties agree that:

        i. **Date Range:** Only ESI created or received between January 1, 2020 to present will be preserved.

        ii. **Scope of Preservation:** The parties agree to:

          1. <u>Preserve the Following Types of ESI</u>

          a. Emails and electronic records that are related to Plaintiff's incarceration and medical treatment while in IDOC custody as stated in the Scope of Discovery, Paragraph III herein

        iii. From the Following Custodians or Job Titles:

          i. Idaho Department of Corrections

          ii. Centurion

          iii. Plaintiff and Defendants

        iv. From the following systems, servers and databases:

          i. IDOC servers, systems, or databases. Plaintiffs servers, systems and databases. Centurion servers, systems, and databases.

          2. **Preserved But Not Searched:** These data sources are not reasonably accessible because of undue burden or cost pursuant to Rule 26(b)(2)(B)

       and ESI from these sources will be preserved but not searched, reviewed, or produced: NONE.

    3. **Not Preserved:** Among the sources of data the parties agree are not reasonably accessible pursuant to Rule 26(b)(2)(B), and shall not be preserved, are the following: Employees' personal electronic devices (E.g. voicemails, PDAs, mobile phones, instant messaging) unless they contain information related to Plaintiff or the delivery of medical care to Plaintiff to the extent they have it in their possession, custody or control or can obtain them at this time.

  v. **ESI Retention Protocols:** Going forward, the parties agree to modify the document and ESI retention/destruction protocols of Defendants.

  vi. **Cost Sharing:** ☒ The parties agree to bear their own costs for preservation of e- discovery

II. **Initial Disclosures**

  a. Pursuant to Rule 26(a), initial disclosures will be provided on the following dates:

    Plaintiffs: 14 days after the issuance of an Order on the Defendants' pending motions to dismiss.

    Defendants: 14 days after the issuance of an Order on the Defendants' pending motions to dismiss.

III. **Scope of Discovery**

  a. **Scope:** Discovery is necessary on the following subjects/issues:

    1. Plaintiff intends to conduct discovery on all facts that are relevant to any party's claim or defense and proportional to the needs of the case.

2. This includes but is not limited to: IDOC and Corizon records regarding incarceration, medical and dental care provided to Plaintiff while in the custody of IDOC, including:

   i. any related policy and procedure in place at that time, and any other related standards and/or guidelines;

   ii. any files, records, logs, policies and procedures, contracts, performance, audits and evaluations, training, supervision, investigations, time and attendance records, billings;

   iii. any records regarding his prison programing and rider programing, housing, evaluations and counseling;

   iv. Defendants' Affirmative Defenses.

   v. Plaintiff's IDOC inmate file.

3. For Defense: Defendants intend to conduct discovery on all facts that are relevant to any party's claim or defense and proportional to the needs of the

**IV. Discovery Boundaries**

a. **Limits:** The parties agree to limit the number of discovery tools as follows: At this time the parties do not believe that it is necessary to impose limits on discovery. They anticipate exchanging written discovery and conduction depositions of the plaintiff and defendants, and perhaps third-party witnesses. They anticipate exchanging expert discovery. Unless otherwise stipulated to, they will conduct discovery within the scope of the Federal Rules of Civil Procedure.

JOINT STIPULATED DISCOVERY PLAN - 4

V.  **ESI**

a.  **Checklist:** The Court has attached the "Checklist" for ESI Discovery prepared by the Federal District Court for the Northern District of California to assist counsel in their meet-and-confer session. Counsel should refer also to Dist. Idaho L. Rule 16.1(b).

b.  **Proportionality**: Although not a hard and fast rule, a party from whom ESI has been requested in the typical case will not be expected to search for responsive ESI:

  i.  from more than 15 key custodians;

  ii. that was created more than 5 years before the filing of the lawsuit;

  iii. from sources that are not reasonably accessible without undue burden or cost; or for more than 160 hours, inclusive of time spent identifying potentially responsive ESI, collecting that ESI, searching that ESI, and reviewing that ESI for responsiveness, confidentiality, and for privilege or work product protection. The producing party must be able to demonstrate that the search was effectively designed and efficiently conducted.

c.  **ESI File Format:** The parties agree to produce documents in the following file format[s] *[check any that apply]*:

  ☒PDF;

  ☒TIFF;

  ☒Native; and/or

  ☒Paper.

d.  **ESI Production Format:** The parties agree that documents will be produced *[check any that apply]*:

  ☒with logical document breaks;

JOINT STIPULATED DISCOVERY PLAN - 5

☒as searchable;

☐with load fields enabling review in common litigation databases such as Summation and Concordance;

☐with metadata, and, if so, in the following fields: _____.

e.	**ESI Search Methodology**: The parties have agreed to use the following search methodology: The parties agree that they will share their search methodology for responding to requests for production of ESI to the following extent: At this time, the parties have not identified any item responsive to these criteria.

f.	**Search Methodology – Transparency:** The parties agree that they will share their search methodology for responding to requests for production of ESI to the following extent: FULLY SHARE.

g.	**General ESI Production vs. E-mail Production**: The parties agree that general ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure order of this court, shall not include e-mail or other forms of electronic correspondence (collectively "e-mail"). To obtain e-mail parties must propound specific e-mail production request

h.	**Discovery Re E-mail Custodians, Search Terms & Time Frames:** Each requesting party may propound up to 5 written discovery requests and take 1 deposition per producing party to identify the proper custodians, proper search terms, and proper time frame for e-mail production requests. The court may allow additional discovery upon a showing of good cause.

  i. **Form of E-mail Production Requests:** E-mail production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms, and proper time frame.

  j. **Limits on E-mail Production Requests – Custodians:** Each requesting party shall limit its e-mail production requests to a total of 8 custodians per producing party for all such requests. The parties may jointly agree to modify this limit without the court's leave.

  k. **Limits on E-mail Production Requests – Keyword Search Terms:** Each requesting party shall limit its e-mail production requests to a total of 20 keyword search terms per custodian per party. The parties may jointly agree to modify this limit without the court's leave. The keyword search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction.

**VI. Deadlines**

  The deadline for the completion of fact discovery is: March 11, 2026.

  The deadline for completion of all expert witness discovery is: March 11, 2026.

**VII. Documents Protected From Discovery**

  a. **Clawback:** Pursuant to Fed. R. Evid. 502(d), the parties must request the Court to enter an Order that production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or work- product protection in this case or in any other federal or state proceeding. The Court will enter such an order in its CMO unless the parties object or otherwise request that no such order be issued during the telephone scheduling conference. Agree to use the Court's Model Protection Order.

  b. **Quick Peek:** The parties ☒ agree that a "quick peek" process pursuant to Fed.R.Civ.P. 26(b)(5) is not necessary in this case

## VIII. Protective Order

a. The parties have agreed to the terms of a Protective Order to protect proprietary material or personal information and will submit that to the Court for its approval. Plaintiffs agree to use the Court Model Protective Order including any order sealing document entered in this case. To aid the parties, the District of Idaho has developed a model protective order that can be found on the Court's website:

   https://id.uscourts.gov/district/forms_fees_rules/Civil_Forms.cfm

b. The parties understand that, even if they agree to seal material filed with the Court, they must still file a motion to seal and obtain Court approval that the sealing meets the Ninth Circuit standards for sealing. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

DATED July 2, 2025.

              JANE GORDON LAW
              By /s/ *Jane C. Gordon*
              Jane Gordon
              Attorney for Plaintiff

DATED July 2, 2025.

              Moore Elia Kraft & Stacey, LLP
              By: _____
              Nathan Beckman
              Attorneys for Defendants

DATED July 2, 2025.

              BRASSEY CRAWFORD, PLLC
              By: _____
              Rylee Dolven
              Attorneys for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 2, 2025, I served a true and correct copy of the foregoing upon each of the following individuals by ECF.

Jane Gordon
JANE GORDON LAW
jane@janegordonlaw.com

Michael J. Elia
Nathan C. Beckman
MOORE ELIA KRAFT & STACEY, LLP
mje@melawfirm.com
ncb@melawfirm.com

Rylee Dolven
Andy Brassey
BRASSEY CRAWFORD, PLLC
rylee@brassey.net
acb@brassey.net

*/s/ Jane Gordon*
Jane Gordon